FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PATRICK G. HOFFMAN , <br><br>    Petitioner, <br><br> v. <br><br> NO NAMED RESPONDENT, <br><br>    Respondent. | NO: 4:18-CV-05055-SMJ <br><br> **ORDER DIRECTING TRANSFER TO NINTH CIRCUIT COURT OF APPEALS** |

On March 23, 2018, the Court received, via the United States Postal Service, documents concerning the conviction of Patrick G. Hoffman, a prisoner at the Washington State Penitentiary.  The envelope was sent from Walla Walla, Washington, but with a return address of Brussels, Belgium.  The initial page indicates that it is a "Personal Restraint Petition," which is ordinarily a post-conviction collateral challenge presented to the Washington State appellate courts.

When bringing a claim in the United States District Court, the appropriate mechanism to challenge a state court conviction would be a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  *See White v. Lambert*, 370 F.3d

ORDER DIRECTING TRANSFER TO
NINTH CIRCUIT COURT OF APPEALS --1

1002, 1009–10 (9th Cir. 2004) *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) ("[Section] 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment . . . ."). Therefore, the Court liberally construes the submission from Mr. Hoffman as a habeas petition under 28 U.S.C. § 2254. The $5.00 filing fee was not paid to commence this action and Mr. Hoffman did not present an application to proceed *in forma pauperis.*

Court records show that Mr. Hoffman previously pursued a habeas petition in the United States District Court, Eastern District of Washington, in cause number 2:92-cv-00082-CI. The petitions in that action were dismissed on October 25, 1994, and the Ninth Circuit Court of Appeals issued a mandate affirming the District Court's decision in appeal number 94-36152, on October 23, 1995. Therefore, the current petition will be treated as a second or successive petition under 28 U.S.C. § 2244.

A District Court lacks authority to review successive habeas petitions filed without authorization from the Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Specifically, the habeas corpus statute provides:

> **"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."**

ORDER DIRECTING TRANSFER TO
NINTH CIRCUIT COURT OF APPEALS --2

*See* 28 U.S.C. § 2244(b)(3)(A); Ninth Circuit Rule 22-3.  When a second or successive petition is mistakenly submitted to the district court, that court shall refer it to the court of appeals.  Ninth Circuit Rule 22-3(a).

Accordingly, **IT IS ORDERED** this case is **TRANSFERRED** to the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631 and Ninth Circuit Rule 22-3(a).

Petitioner is advised this transfer would not of itself constitute compliance with § 2244(b)(3) and Ninth Circuit Rule 22-3; he must still file an application for leave to proceed in the Court of Appeals and make the showing required by § 2244(b)(2).  Petitioner should consult this statute and Ninth Circuit Rule 22-3 for further information.

**IT IS SO ORDERED**.  The Clerk of Court shall enter this Order, provide a copy to Petitioner, and close the file.

**DATED** this 3rd day of April 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DIRECTING TRANSFER TO
NINTH CIRCUIT COURT OF APPEALS --3